IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. _____ |
| v. § | |
| § | |
| UNEMPLOYED PHILOSOPHERS, § | JURY DEMAND |
| INC., d/b/a THE UNEMPLOYED § | |
| PHILOSOPHERS GUILD, § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR
COMPETITION, DECEPTIVE AND UNLAWFUL TRADE PRACTICES,
AND UNJUST ENRICHMENT**

3M Company ("3M"), appearing through its undersigned counsel, alleges as follows:

**PARTIES**

1. Plaintiff 3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2. Defendant Unemployed Philosophers, Inc., d/b/a The Unemployed Philosophers Guild is a New York corporation having its principal place of business at 105 Atlantic Avenue, Brooklyn, New York 11201.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

3. This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for deceptive trade practices arising under the Minnesota Deceptive

Trade Practices Act, Minn. Stat. § 325D.44 *et seq*.; for unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq*.; for dilution under the Minnesota anti-dilution statutes, Minn. Stat. § 333.285 *et seq*.; for trademark infringement and unfair competition under the common law of Minnesota and other states where Defendant conducts business and has committed the acts complained of herein; and for unjust enrichment.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under state law.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and a foreign state. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## 3M'S USE AND REGISTRATION OF THE MARK POST-IT

6. 3M develops and markets innovative products and solutions, including many consumer and office products, serving a diverse field of customers.

7. 3M introduced the revolutionary POST-IT brand of repositionable notes and adhesive-backed paper approximately thirty years ago. Since that time, 3M has continuously used the mark POST-IT (the "POST-IT Mark") in connection with a variety of highly successful stationery and office-related products, including, without limitation, repositionable notes and note dispensers in a variety of shapes, sizes, and colors, as well as repositionable flags and page markers.

2

8. The POST-IT Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

9. As a result of 3M's long and extensive use and promotion of the POST-IT Mark and the many high-quality products sold under the mark, POST-IT is a leading brand in the market for office products and supplies, and also is one of the most famous brands in the United States. *See Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1005 (D. Minn. 1998) (finding POST-IT mark famous).

10. Use of 3M's POST-IT brand products by consumers is extremely widespread, including in the home, office, and promotional markets. 3M's POST-IT products are promoted and available for purchase online, including directly from 3M through its websites (including 3M.com and Post-it.com), third-party websites such as Amazon.com, as well as in, and on the websites of, leading national office supply stores (Office Depot, OfficeMax, Staples); pharmacies (CVS, Rite Aid, Walgreens); and general retailers (Target, Wal-Mart).

11. As a result of 3M's long use and promotion, 3M has acquired valuable common law rights in the POST-IT Mark.

12. The POST-IT Mark has become famous, including in Minnesota.

13. In addition to its extensive common law rights, 3M has registered the POST-IT Mark on the Principal Register of the United States Patent and Trademark Office in accordance with federal law. 3M owns numerous U.S. registrations, many of which are incontestable, for its famous mark POST-IT for numerous goods. These

registrations include, but are not limited to, the valid and subsisting registrations shown in the following chart, each of which is incontestable except the final two:

| Registration Number | Date Issued | Goods |
|---|---|---|
| 1046353 | 8/17/76 | Paper and cardboard sheet material having adhesive coating on both sides thereof for attachment to walls or other vertical surfaces to hold displays or other messages in place |
| 1198694 | 6/22/82 | Stationery notes containing adhesive on one side for attachment to surfaces |
| 1208297 | 9/14/82 | Trays for holding stationery notes |
| 1284295 | 7/3/84 | Adhesive tape for home and office use |
| 1935381 | 11/14/95 | Adhesive backed easel paper and easel pads |
| 2736421 | 7/15/03 | Stationery notes and note pads containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; cover-up tape for paper; tape flags; printed note forms; printed notes featuring messages, pictures or ornamental designs; adhesive-backed easel paper and easel pads; bulletin boards; glue sticks for stationery or office use; and paper and cardboard sheet material having adhesive coatings on both sides for attachment to walls or other surfaces to hold displays or other messages in place |
| 3168105 | 11/7/06 | Stationery notes containing adhesive on one side for attachment to surfaces; printed notes featuring messages, pictures or ornamental designs; note pads, business forms, index cards, index tabs, easel paper, easel pads, sketch pads, art pads, banners of paper, page markers, bookmarks and recipe cards containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; labeling tape; cover-up tape for paper; correcting tape for type; tape flags; easels; display and message boards, adhesive backed strips and geometrical shapes made from cardboard for attachment to surfaces; dry erase writing boards and writing surfaces; holders for stationery notes, notepads and tape flags; dispensers for tape flags and stationery notes for stationery use; ball point pens and highlighter pens containing tape flags; photo paper |
| 3861083 | 10/12/10 | Adhesive-backed paper pockets for attachment to surfaces; adhesive labels; adhesive-backed paper name badges; adhesive-backed craft paper |

4

True and correct copies of these registrations are attached as Exhibit A.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

17. Defendant makes and sells repositionable notes, among other products. Defendant has offered at least ten different sets of sticky notes under marks ending in "-IT" or "-ITS," including POST STRUCTURAL-ITS (which also begins with the word "POST"), LOGICAL POSITIV-ITS, JEEZ-IT, BUDDH-ITS, HIEROGLYPH-ITS, WHO DUNN-ITS, BUSH-ITS, @#&%-ITS!, FEMIN-ITS, and SURREAL-ITS. Defendant offers another sticky note product under the mark VINCENT VAN GOGH "POST IMPRESSIONS." (These eleven marks are referred to herein as "Defendant's Marks.") Defendant's products are shown below:



18. Defendant's products are offered for sale at numerous stores in the United States, including retail stores in Minnesota; on Defendant's interactive website, www.philosophersguild.com, from which consumers in the United States and abroad can

purchase products directly; on multiple third-party websites, including Amazon.com; and through retailers abroad.

19. Defendant's Marks are confusingly similar to 3M's famous POST-IT mark.

20. Defendant's repositionable notes travel through the same channels of trade as competing products sold by 3M under its POST-IT Mark.

21. Defendant is using Defendant's Marks in commerce.

22. Defendant began using Defendant's Marks long after 3M began using and registered the POST-IT Mark and long after the POST-IT Mark became famous.

23. Defendant's use of Defendant's Marks in this manner is not authorized or endorsed by 3M in any way. 3M has notified Defendant of its rights in the POST-IT Mark and Defendant's infringement and dilution, but Defendant has continued its use of Defendant's Marks.

### EFFECT OF DEFENDANT'S ACTIVITIES ON 3M AND THE CONSUMING PUBLIC

24. Defendant's unauthorized use of Defendant's Marks in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association between Defendant and 3M or its POST-IT brand, or as to the origin, sponsorship, or approval of Defendant's products by 3M or its POST-IT brand.

25. Defendant's unauthorized use of Defendant's Marks falsely designates the origin of Defendant's products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products.

26. Defendant's unauthorized use of Defendant's Marks enables it to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for its products and services not solely on their own merits, but on the reputation and goodwill of 3M, 3M's POST-IT Mark, and 3M's products and services.

27. Defendant's unauthorized use of Defendant's Marks is likely to cause dilution by blurring and dilution by tarnishment of 3M's famous POST-IT Mark.

28. Defendant's unauthorized use of Defendant's Marks unjustly enriches Defendant at 3M's expense.

29. Defendant's unauthorized use of Defendant's Marks removes from 3M the ability to control the nature and quality of products and services provided under the POST-IT Mark (or marks likely to be associated with the POST-IT Mark), and places the valuable reputation and goodwill of 3M in the hands of Defendant, over whom 3M has no control.

30. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

31. 3M repeats the allegations above as if fully set forth herein.

32. The acts of Defendant complained of herein constitute infringement of 3M's federally registered POST-IT Mark in violation of 15 U.S.C. § 1114(1).

33. Defendant's acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the POST-IT Mark and with intent to cause confusion and to trade on 3M's vast goodwill in the POST-IT Mark. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

34. 3M repeats the allegations above as if fully set forth herein.

35. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: FEDERAL DILUTION

36. 3M repeats the allegations above as if fully set forth herein

37. The acts of Defendant complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

38. Defendant has willfully intended to trade on the recognition and/or harm the reputation of 3M's famous POST-IT Mark, entitling 3M to the additional remedies for trademark dilution set forth in 15 U.S.C. § 1125(c)(5).

### COUNT IV: DECEPTIVE TRADE PRACTICES

39. 3M repeats the allegations above as if fully set forth herein.

40. The acts of Defendant complained of herein constitute deceptive trade practices in violation of Minn. Stat. § 325D.44 et seq.

41. Pursuant to Minn. Stat. § 325D.45, 3M is entitled to recover its costs and attorneys' fees.

### COUNT V: UNLAWFUL TRADE PRACTICES

42. 3M repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute unlawful trade practices in violation of Minn. Stat. § 325D.09 et seq.

44. Pursuant to Minn. Stat. § 325D.15 and Minn. Stat. § 8.31(3a), 3M is entitled to recover its costs, disbursements, costs of investigation, and reasonable attorneys' fees.

### COUNT VI: DILUTION UNDER STATE LAW

45. 3M repeats the allegations above as if fully set forth herein.

46. The acts of Defendant complained of herein constitute trademark dilution in violation of the anti-dilution statutes of Minnesota, Minn. Stat. § 333.285 and the other states in which Defendant has committed the acts complained of herein.

### COUNT VII: TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

47. 3M repeats the allegations above as if fully set forth herein.

48. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of Minnesota and the other states in which Defendant has committed the acts complained of herein.

### COUNT VIII: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

49. 3M repeats the allegations above as if fully set forth herein.

50. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of Minnesota and the other states in which Defendant has committed the acts complained of herein.

## COUNT IX: UNJUST ENRICHMENT

51. 3M repeats the allegations above as if fully set forth herein.

52. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at 3M's expense.

## DEMAND FOR RELIEF

WHEREFORE, 3M demands that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendant's Marks, and any other mark that is not at least a safe distance away from, or otherwise confusingly similar to or likely to cause dilution of 3M's POST-IT Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b) Defendant be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(c) 3M recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

(d) An accounting be directed to determine Defendant's profits resulting from its activities complained of herein, and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(e) 3M recover its reasonable attorney fees;

(f) 3M recover its costs of this action and prejudgment and post-judgment interest; and

(g) 3M recover such other relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38, 3M demands a jury trial on all issues in this case triable of right by a jury.

Respectfully submitted,

DATED: October 3, 2011

s/Heather J. Kliebenstein
Heather J. Kliebenstein (MN Bar # 0337419)
MERCHANT & GOULD
80 South 8th Street, Suite 3200
Minneapolis, MN 55402-2215
(612) 332-5300

**ATTORNEY FOR PLAINTIFF 3M COMPANY**